### SMITH v. MISSOURI PAC. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. May 29, 1893.)

#### No. 196.

PLEADING—AMENDMENT—ACTION FOR WRONGFUL DEATH.

Where, in an action against a railroad company for causing the death of an employe, the original petition proceeds entirely on the ground of the company's negligence in employing an engineer of known incompetence, an amendment which alleges that the engineer was negligent, and that he and the deceased were not fellow servants, does not introduce a new cause of action, but is only an amplification of the original one, and is a proper amendment. 50 Fed. Rep. 760, reversed. Scoville v. Glassner, 79 Mo. 449, distinguished.

In Error to the Circuit Court of the United States for the Western District of Missouri.

At Law. Action by Kate Smith against the Missouri Pacific Railway Company to recover damages for the alleged wrongful death of her husband. A demurrer to the second count of the amended petition was sustained, (50 Fed. Rep. 760,) and, plaintiff declining to plead further, judgment was entered for defendant. Plaintiff brings error. Reversed.

Statement by THAYER, District Judge:

The plaintiff in error brought an action against the defendant in error on the 24th day of May, 1882, in the United States circuit court for the western district of Missouri, to recover damages for the death of her husband, who was killed on the 30th day of November, 1881, in the yards of the defendant in error at Kansas City, Mo., by being run over by a locomotive engine. The petition that was originally filed in the case was framed under the Missouri damage act, (Rev. St. Mo. 1889, § 4425,) and alleged, in substance, that the defendant company, on November 30, 1881, had in its employ a locomotive engineer by the name of Murray, who was not a competent, skillful, experienced, and careful engineer, as said company had reason to know, and did know, when it employed him, and that it was guilty of negligence in selecting and appointing such engineer; that said engineer, Murray, on the 30th of November, 1881, by reason of his want of skill, experience, and care, ran a switch engine, of which he was then in charge, through the defendant company's yards, at Kansas City, at a dangerous rate of speed, and by so doing ran over and killed the plaintiff's husband, who was a watchman in said yards, and was at the time engaged in the careful discharge of his duties. The petition fur-

ther averred that at the time of the accident the engine in question was running backward, that the canvas cloth at the rear of the engine was let down, and that the lamps on the engine were not lighted.

The case appears to have been pending on the original petition from May, 1882, until December 11, 1889, when an amended petition, containing two counts, was filed, by leave of court. The first count of the amended petition did not differ materially from the count contained in the original complaint, the substance of which has been stated. But the second count of the amended petition averred, in substance, that the plaintiff's husband was a watchman, and had nothing to do with the running of trains; that the defendant had in its employ one Murray, who was then and there engaged in running and managing a switch engine; that Murray and plaintiff's husband were not fellow servants; that on the morning of November 30, 1881, before daylight, by reason of the recklessness and negligence of said Murray in managing said switch engine, he ran the same over plaintiff's husband, while the latter was engaged in the careful discharge of his duties; that he ran said engine backwards, at a dangerous rate of speed, in the nighttime, without having the lamps on the engine lighted, with the canvas let down at the rear end of the cab, and without giving any signal of the approach of the engine, and by so doing came in contact with the deceased.

To the amended petition a demurrer was interposed as to both counts. The circuit court overruled the demurrer to the first count, but sustained it as to the second count, on the ground that the second count was not properly an amendment of the cause of action stated in the original petition, but that it was, in legal effect, a statement of a new and independent cause of action, against which the Missouri statute of limitations had run before the amended petition was filed. Vide Rev. St. Mo. 1889, § 4429. Thereupon the plaintiff voluntarily dismissed the first count of the amended petition, and, declining to plead further, a judgment was entered in favor of the defendant company on the second count, and the plaintiff sued out a writ of error.

Albert R. Strother, (Wm. Warner, O. P. Dean, and James Hagerman, on the brief,) for plaintiff in error.

Elijah Robinson and H. S. Priest, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge, (after stating the case.) Conceding that the second count of the amended petition proceeded upon the theory that the plaintiff might recover by reason of the negligence of the engineer, Murray, even though the defendant company had not been guilty of culpable negligence in employing him, as was charged in the original petition and in the first count of the amended petition, still we think that the circuit court erred in holding that such change in the pleading was not properly an amendment, but the statement of a new and distinct cause of action.

The cause of action which was alleged in the original petition was the negligence of the defendant company on the occasion of the accident that had caused the death of the plaintiff's husband, and the same cause of action is declared upon in the amended complaint. In the original petition it was made to appear that the defendant company was liable for the acts of its engineer at the time of the injury, because it had employed him with full notice that he was incompetent and careless. In the second count of the amended pleading it was alleged that the company was responsible for the engineer's acts, for the further reason that he and the watchman were not fellow servants. The averments con-

tained in the original and amended complaints are not inconsistent, but may well stand together.

In suits of this character, to recover damages for injuries sustained in consequence of another's negligence, it frequently happens that the general charge of negligence is predicated on several different acts, either of commission or omission, and it has never been supposed that each distinct act, so relied upon, constitutes an independent cause of action, and should be pleaded in separate counts. On the contrary, it is the common and correct practice to set forth in the same count all of the concurrent acts, whether of commission or omission, which are relied upon to establish the general charge of negligence.

It follows, we think, that the plaintiff was entitled to aver in one and the same complaint (and in the same count, if her counsel thought proper to do so) that the defendant company was responsible for the negligent act of its engineer, both because it had notice of his incompetency, and because the engineer and the watchman were not fellow servants.. We furthermore think that, by assigning an additional reason in the amended pleading, why the railway company should be held accountable for the act of its engineer, the plaintiff in error did not state a new cause of action, but merely varied or amplified the allegations with respect to the same cause of action that was stated in the original petition.

The view which we entertain, that the original complaint was properly amended, and that the amended pleading did not introduce a new cause of action, finds abundant support in the decisions of various state courts where the Code of Procedure has been adopted. In Kuhns v. Railway Co., 76 Iowa, 67, 40 N. W. Rep. 92, the original complaint alleged that the defendant had been guilty of negligence in six respects, which were stated in detail in the complaint. After the case had been once tried, and reversed on appeal, the plaintiff was allowed to amend the original complaint by adding a further specification or averment, that the derailment complained of was due to the fact that the train was running at a dangerous rate of speed over a rough and uneven road. It was held that the amendment was properly allowed, that the statement of additional grounds of negligence was not a statement of a new cause of action, and that the statute of limitations could not be invoked as a bar to the additional ground of recovery thus pleaded. The following authorities maintain the same doctrine: Buel v. Transfer Co., 45 Mo. 562; Lottman v. Barnett, 62 Mo. 159; Gourley v. Railway Co., 35 Mo. App. 87, 91; Land Co. v. Mingea, (Ala.) 7 South. Rep. 666.

The case of Scoville v. Glassner, 79 Mo. 449, which seems to have been principally relied upon in the circuit court, does not appear to us to be in point. In that case the original petition stated a cause of action in trover, for the wrongful conversion of personal property, while the amended petition charged that the defendant had maliciously, and without probable cause, sued out a writ of attachment, and caused the plaintiff's property to be seized under such process. It is obvious, we think, that the amendment allowed

in the case at bar bears no analogy to the amendment which was held to have been improperly allowed in the case last referred to. For the error committed in sustaining the demurrer to the amended petition on the ground that it stated a new cause of action, which was barred by limitation, the judgment of the circuit court is reversed, and the cause is remanded for further proceedings therein not inconsistent with this opinion. We have not considered the question whether the plaintiff's husband and the engineer, Murray, were in fact fellow servants, as that question was not considered by the circuit court. The amended petition contains an averment that they were not fellow servants, and in view of that averment we have considered it expedient to leave that question to be determined on a retrial of the case.