## WILLITS & PATTERSON v. TEXAS REFINING CO.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1924.)

No. 4387.

Limitation of actions ⬅127(4)—Amended petition, alleging cause of action based on same contract, held not to state new cause of action.

Amended petition in action by corporation on contract, which merely alleged that contract sued on had been made in first instance by an individual and transferred to corporation, but it relied on identical contract alleged in original petition, *held* not statement of new cause of action, within statute of limitations.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by Willits & Patterson against the Texas Refining Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Harry L. Carpenter, of Greenville, Tex., for plaintiff in error.

C. A. Leddy, of Dallas, Tex., and L. A. Clark, of Greenville, Tex. (Clark & Sweeton, of Greenville, Tex., and Merritt & Leddy, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge. Plaintiff in error, who was also plaintiff in the court below, on August 29, 1921, sued to recover damages for alleged breach of a contract to receive certain oil which it claimed to have been made with defendant on July 15, 1919. In February, 1924, an amended petition was filed, which is not involved here, and on May 5th of that year a second amendment was made, which alleged that Charles D. Willits, "trading under the firm name and style of Willits & Patterson," entered into the contract with defendant, and further "that at said time the said Charles D. Willits was promoting the incorporation of and intending to incorporate a corporation under the laws of the state of California for the purpose of buying and taking over the said business of him, the said Charles D. Willits, trading as aforesaid, and including contracts for the sale and purchase of oil and the contracts above mentioned; that in pursuance of said intention and preparation the said C. D. Willits did, on, to wit, the 31st day of July, 1919, complete the incorporation of said corporation under the name of Willits & Patterson, which is plaintiff herein, and thereupon did sell, transfer, assign, and convey to the said corporation all his aforesaid business; that, by and through the said corporation as his agent, he, the said Charles D. Willits, performed or caused to be performed and fulfilled all the contracts, either for the purchase or sale of commodities, which he had theretofore entered into and had not performed, embracing the contracts above mentioned, and on the responsibility each of said corporation and said Charles

D. Willits said corporation did tender performance and perform the said contracts as hereinafter alleged."

Defendant filed exceptions to the amendment, claiming that it set up a new cause of action, barred by the statute of limitations of two and four years. The exceptions were sustained, and plaintiff prosecutes this writ of error.

The amendment in question alleges in effect that, instead of the contracts having been originally with the corporation direct, they were made with Willits, who had in view the organization of the corporation, which was afterwards done, and that he accordingly transferred the agreements to the plaintiff. There is no question but that the demand arises out of the same state of facts in so far as the claim is concerned, though in the one case it was charged that the obligation arose from a contract with the corporation, whereas in the other it is alleged that the agreement was with Willits and assigned to the company.

The issue presented is as to whether the amendment sets up a new cause of action. The Court of Civil Appeals for the state of Texas appears to have decided the question contrary to the contention of the defendant and the ruling of the lower court. Mann v. Mitchell, 241 S. W. 715; G. C. & S. F. Ry. Co. v. Baker, 218 S. W. 7. But defendant asserts that in the case of Bigham v. Talbot & Cropper, 63 Tex. 271, the Supreme Court of that state, which is the highest judicial authority, took a different view. However, an examination of that case in our opinion does not support such contention, as will be seen from the following excerpt therefrom:

"Now if, as claimed by appellant, the second amended petition asserted a new cause of action, which would be subject to the operation of the statute of limitation, then the exception was certainly well taken, and the court erred in overruling the same. As heretofore remarked, the cause of action distinctly asserted by the first amended petition was for an amount of money claimed to be due appellees from appellant for carrying the United States mail on certain designated routes, by reason of a contract made and entered into by and between appellees and appellant on the 28th day of October, 1874; while that asserted by the second amended petition was for an amount of money claimed to be due them from appellant for carrying the United States mail upon the same routes, by reason of the contract made and entered into by and between appellant and Woodburn, dated April 10, 1874, and assigned by Woodburn to Overstreet and Talbot, and by Overstreet to Talbot & Cropper. This was also the same cause of action that was asserted by the original petition. That there are distinct causes of action would seem to admit of no question whatever. If, however, there had been any allegations in the first amended petition in any way retaining, even as part of the cause of action therein asserted, that which was asserted by the original petition, and afterwards reasserted by the second amended petition, that would have been sufficient to prevent the running of the statute after the original petition was filed. But such is not the fact. The Woodburn contract was entirely abandoned in the first amended petition as constituting the cause of action, except alone as an inducement for the $192 claimed by reason of the acceptance."

The opinion discloses that two distinct contracts were involved, and the compensation claimed was for services rendered at different periods. The plaintiff had sued originally on July 13, 1876, upon a contract of April 10, 1874, and obtained judgment in the trial court, which, on appeal, was reversed and remanded by the Supreme Court. After the reversal, and on February 9, 1880, plaintiffs filed a first amendment, asserting its cause of action as arising under a contract of October 28, 1874, in which latter case judgment was taken by default, and which was, on appeal, likewise reversed and remanded by the Supreme Court, with the pronouncement that the amendment constituted a new cause of action, which required that Bigham should be made party. Then, on September 3, 1883, plaintiff filed a second amended petition, again returning to the claim under the contract of April 10, 1874, based upon the same cause of action which it had originally asserted. In the last decision above quoted from, the Supreme Court of Texas took the view that, by electing to sue upon the contract of October 28th in the first amendment, plaintiff must have been held to have abandoned the demand contained in the original petition, with the same effect as if a nonsuit had been entered, and that, in returning to it in the third effort, the matter had to be treated as if alleged for the first time; hence it was found that prescription or limitation had accrued. Clearly this is not the situation here.

Defendant also cites Seymore v. Franklin (C. C.) 92 F. 152 (should be 122), in support of its position, but a mere reading of

the syllabus shows the distinction between that and the present case:

"*Pleading — Amendments — Departure.—* Where a petition on which plaintiff obtained an attachment against property of defendant, a nonresident, counted on judgments which were described, the dates, amounts, and parties being given, plaintiff will not be permitted to file an amended petition, after defendant has appeared, setting up judgments of different dates and amounts, and between different parties, such amended petition not being a continuation of the original action, but the substitution of a new cause of action."

In that case the court quotes the allegations of the two petitions in parallel columns and demonstrates the independent nature of the two claims.

Whalen v. Gordon, 95 F. 305, 37 C. C. A. 70, is also relied on, but a quotation from the syllabus of that case will also suffice to demonstrate the difference between it and the case at bar:

"Where plaintiff's original petition was for the recovery of damages for an alleged breach of warranty in a contract of sale, an amended petition alleging a rescission of such contract, and seeking to recover the purchase price paid, states a new and different cause of action, and does not relate back to the commencement of the action, for the purpose of saving the case from the bar of the statute."

In our opinion, the only effect of the amendment in the present case was to permit the introduction of evidence which otherwise might have been objectionable under the petition as it stood. Like the original, it still asserts that the claim is the property of the corporation, and that it grows out of the same contracts and circumstances which were alleged in the original petition. In other words, the claim or cause of action is identical. We do not think that petitioner is required to allege all of his evidence, and the amendment in this case does nothing more than to set forth the history of the entire matter, including the nature of the title under which the plaintiff now owns and seeks to recover of the defendant. A judgment in this case will be conclusive, both as to Willits and the corporation. The petition fully advised the defendant of the nature and circumstances of the demand, and, whether it be the property of Willits or the corporation, its rights can be fully safeguarded in whatever decision may be made.

Our conclusion, therefore, is that the lower court erred in sustaining the exceptions, and for this reason the judgment is reversed, and the cause remanded, to be proceeded with according to law and views herein expressed.