## McDonald v. Jackson.

1. **Statute of Limitations**: CHANGE OF STATUTE. Where the statute of limitations had commenced running against a cause of action prior to the enactment of the Code, it continued without interruption because of such enactment, the provisions of the Code upon that subject being but a re-enactment and continuation in force of those of the Revision.

2. ——: CODE, SECTION 2537. Section 2537 of the Code, providing that where the plaintiff fails in an action, for any cause except negligence in its prosecution, a second suit brought within six months thereafter shall, for the purposes of the statute of limitations, be deemed a continuation of the first, applies only when no judgment upon the merits is rendered in the first action, and the second is brought upon the same cause of action.

*Appeal from Monroe Circuit Court*

WEDNESDAY, DECEMBER 8.

THIS action was commenced on the 2d day of November, 1879. The petition contains seventeen counts and is based upon fifteen promissory notes, executed to Jeremiah Willcox, and a book account.

The note upon which recovery is sought in the first count of the petition is for the sum of $2,000, dated February 14, 1868, and due January 1, 1869. The seventeenth count of the petition is based upon a book account, the last item in which bears date of April 11, 1873. The petition alleges that the plaintiff is the owner of all said notes and the book account. The petition further alleges that on the 22d day of April, 1873, the defendant and Jeremiah Willcox made a settlement, at which time all the notes and the account sued

upon were embraced in one note for the sum of $6,088.00, dated April 22, 1873, due in four years, and secured by a mortgage, whereupon all the notes described in the petition were delivered up to the defendant Jackson, and were destroyed.

That on the 11th day of September, 1877, the plaintiff instituted a suit on the note of April 22, 1873, and the mortgage given to secure it, in which suit it was finally decided at the October term of the Supreme Court that the note and mortgage were fraudulent and void, and that plaintiff's only remedy was to sue for the amount due from defendant to Willcox at the time said note was executed. The defendant demurred to the first and seventeenth counts of the petition, because it appears from the face of the petition that the causes of action therein set out are barred by the statute of limitations. The court sustained the demurrer. The plaintiff appeals.

*Henry L. Dashiell*, for appellant.

*Perry & Townsend*, for appellee.

DAY, J.—I. From the allegations of the petition it appears that the note in question became due more than ten years,

1. STATUTE of limitations: change of statute.

and that the last item in the account was charged more than five years, before the commencement of this action. Appellant concedes that both causes of action are apparently barred by the statute of limitations. It is claimed, however, that the causes of action are not really barred. The position of appellant is that the statute of limitations under which the causes of action accrued was repealed, without any saving clause, by the Code of 1873; that the time the causes of action had run under the old statute cannot be added to that which they had to run under the new one to make out the limitation, but that the full term of limitations must run under the new statute.

Appellant cites and relies upon *Norris v. Slaughter*, 1 G. Greene, 338; *Forsyth v. Ripley*, 2 G. Greene, 181, and *Wile v. Matherson*, Id., 184. To the position of the appellant there are two answers. *First.* The provisions of the Code of 1873, upon the subject now in controversy, are exactly the same as the provisions of the Revision. See Revision, section 2740; Code of 1873, section 2529.

Upon this subject the Code is not the enactment of a new law, but a mere continuation of the old. See *Fullerton v. Spring*, 3 Wis., 667; *Thompson v. Read*, 41 Iowa, 48.

*Second.* The only repealing clause of prior statutes is section 47 of the Code. Section 50 of the Code is as follows: "This repeal of existing statutes shall not affect any act done, any right accruing or which has accrued, or been established, nor any suit or proceeding had, or commenced, in any civil cause before the time when such repeal takes effect, but the proceedings in such cases shall be conformed to the provisions of this Code as far as consistent."

The note sued on became due on the 1st day of January, 1869. When the Code of 1873 took effect, the statute had been running against the note for four and one-half years. At that time the holder of the note had a right to commence an action upon it at any time within five and one-half years. The maker had a right, if action should be commenced after the lapse of five and one-half years, to plead the statute of limitations. Now if the operation of the Code of 1873 is to extend the period of the statute of limitations to ten years from the time of taking effect of the Code, it is apparent that the right accruing or accrued under the note is affected. The right of the holder of the note is enlarged, and the right of the maker of the note is abridged. Under section 50 of the Code this cannot be done. It follows that the causes of action referred to were barred at the time the action was commenced.

II. It is claimed, however, that the bar of the statute is saved by section 2537 of the Code, which is as follows: "If

2. ———: code after the commencement of an action, the plaintiff
section 2537. fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

This section can apply only to a case when no judgment upon the merits is rendered, and another suit is brought upon the same cause of action. If a judgment upon the merits should be rendered, it is apparent that it would operate as a bar to a new suit. In this case there was a final judgment upon the merits, that the plaintiff could not recover upon the note sued upon in the former action because it was procured by fraud.

Appellant claims that this suit is upon the same cause of action, and is but a continuation of the former suit, which was commenced before the bar of the statute upon the claims in question was complete. It is clear, however, that this suit is not upon the same cause of action, for, if it were, the former judgment would be a bar to any further litigation. Section 2537 does not preserve the plaintiff's rights. The demurrer was properly sustained.

AFFIRMED.