The Dist. Twp. of Spencer v. The Dist. Twp. of Riverton et al.

THE DIST. TWP. OF SPENCER v. THE DIST. TWP. OF RIVERTON ET AL.

1. **Statute of Limitations:** EQUITABLE ACTIONS. The statute of limitations applies to actions in equity as well as at law. *Relf v. Eberly*, 23 Iowa, 467, followed.

2. ———: NEW ACTION AS CONTINUATION OF A FORMER ONE. While the time for the commencement of an action may be extended by section 2537 of the Code, in a case where a former action has failed for any cause other than negligence, that section does not extend the time for bringing into existence the conditions without which no action can be maintained. Accordingly, where a demand was necessary, and it was not made until after the time of the statute had run against the claim, *held* that the claim was barred, notwithstanding it might otherwise have been saved under the provisions of said section.

THURSDAY, OCTOBER 18.

*Appeal from Clay District Court.*

THIS action is an equitable one, and was commenced on the fifteenth day of October, 1881. The petition alleges, in substance, that for the year 1872 an illegal school tax was levied upon the district township of Spencer, and collected and paid over to the treasurer of said district township; that the territory now included in the defendants then formed a part of the territory of the plaintiff, and that, in the year 1874, the defendants were formed out of said territory; that the boards of directors of the plaintiff and the defendants

made an equitable division of the assets and liabilities, but did not take into account said illegal tax, because it was not then known whether said tax would be refunded; that in April, 1876, the board of supervisors of Clay county ordered that said illegal tax be refunded, and the treasurer of said county has refunded $1,736.67 thereof, all out of money in his hands belonging to plaintiff, which refunding was made April fifth, and May sixteenth, 1876; that after July first, 1881, and before October fifteenth, 1881, the plaintiff presented its claim to the board of directors of each of the defendants, and asked that it be audited and allowed, which was refused; that this action was originally commenced at the April, 1879, term, and on the 23d of April, 1881, plaintiff failed in said action, upon defendants' demurrer to the petition being sustained in the supreme court, which failure was not caused by negligence in the prosecution of said action. Plaintiff prays an accounting and judgment against each of the defendants. The defendants demurred to the petition upon the ground, among others, that the petition shows upon its face that the cause of action is barred by the statute of limitations. The court sustained the demurrer. The plaintiff appeals. For the former opinion in this case, see 56 Iowa, 85.

*E. E. Snow*, for appellant.

*Hubbard* and *Hughes*, for appellee.

DAY, CH. J.—I. It is insisted that the statute of limitations does not apply to equitable actions. That this is not the rule in this state was determined in *Relf v. Eberly*, 23 Iowa, 467.

II. The plaintiff insists that the bar of the statute is removed, under section 2537 of the Code, by the failure of the original action without negligence in its prosecution, and the commencement of this action within six months after the determination of the former action in the supreme court.

Whilst the time for the commencement of the action may have been extended under this section, it cannot be claimed that this section extends the time for bringing into existence the conditions without which no action can be maintained. The money was refunded in May, 1876. Then the cause of action accrued, and the statute of limitations began to run. It was, however, a condition precedent to the right to maintain an action that the claim should be presented to the board of directors to be audited and paid. See 56 Iowa, 85. The plaintiff could not prevent the running of the statute of limitations by neglecting to present the claim for allowance and payment. *Baker v. Johnson County*, 33 Iowa, 151; *Prescott v. Gonser*, 34 Id., 175; *Beecher v. The County of Clay*, 52 Id., 140. The cause of action accrued on the 16th day of May, 1876. The claim was not presented for allowance until after July 1, 1881. The pendency of the former action could not extend the time within which the claim should be presented for allowance. The cause of action was barred when the claim was presented. It follows that the demurrer was properly sustained.

AFFIRMED.