## MARIA HAMMAN v. A. VAN WAGENEN, Judge.

**Practice.** A modification of a decree made in vacation, without notice, is void and may be reviewed on *certiorari*.

### SATURDAY, APRIL 6, 1895.

*Certiorari* to the defendant, as judge of the district court in and for the fourth judicial district. The defendant was the presiding judge at the March term of the district court in and for Monona county in the year 1894, at which term there was pending an action for divorce of Maria Hamman, plaintiff herein, against Henry Hamman; and during said term, and on the twenty-sixth of March, a decree was entered in said case, awarding to the plaintiff a divorce, and making such a disposition of the property found to have been accumulated by both of the parties that the defendant therein was awarded the northeast quarter of the southwest quarter of section 1 of township 85, range 43, and a roadway out and over the northwest quarter of the southwest quarter of said section 1, and requiring the defendant to pay two hundred and fifty dollars of incumbrance thereon. The decree further gave to the plaintiff the care and custody of the minor children. The March term of the court adjourned, finally, on the twenty-eighth day of March, 1894. During the vacation following said term, and on the twenty-eighth day of April, 1894, the clerk of said court so changed the decree entered at the term as to give to the defendant therein the northwest quarter of said southwest quarter of section 1, with an incumbrance thereon of three hundred dollars, and a right of way over the same to plaintiff. The basis of this action on the part of the

clerk is a letter from the defendant herein, as follows:
"Cherokee, Iowa, April 5, 1894. Messrs. McMillan &
Kindall: Yours at hand, and you may have the clerk
make the change that you suggest; that is, to give the
defendant the west forty acres and three hundred dol-
lars incumbrance, and give the others the roadway and
the balance of the incumbrance. This will be the
clerk's authority to make the change. I have some
doubts about the authority to make the change in vaca-
tion, but I thought I would let it be tried. An appeal
would only bring the thing back for a correction of the
decree, and that would give an opportunity to make a
like order anyway. Yours truly, A. Van Wagenen."
This change in the decree was made without notice to
plaintiff, and this proceeding is to set it aside, and cancel
the change or modification to the decree as made April
6, 1894, as having been entered without jurisdiction.
Under orders from Mr. Justice Kinne, a writ issued
directed to the defendant, to which he has made a
return.

*Charles Mackenzie* and *T. B. Lutz* for plaintiff.

There is no appearance for the defendant other
than the return of the writ.

Granger, J.—*Certiorari* is a proper remedy where
an inferior tribunal, or officer exercising judicial func-
tions, is alleged to have exceeded his proper jurisdic-
tion, when, in the judgment of the superior court, there
is no other plain, speedy, and adequate remedy. Code,
section 3216. The petition brings this case within the
provisions of the statute by the averments of fact show-
ing the action of the defendant in directing a modifica-
tion of the decree to be without jurisdiction. The
record before us is a showing that the modification of
the decree entered April 6, 1894, was simply a letter

from the judge, addressed to the attorneys for the defendant in the case, authorizing the change. There is an appearance by a return of the writ, and no question is made as to the sufficiency of the record on which the case is submitted. We incline to the view that there would be no contention in support of jurisdiction to make the order modifying the decree. In fact, the letter, operating as an order for the change, is a practical confession of its nullity.

The record of the district court made April 6, 1894, changing or modifying the decree entered March 26, 1894, in the case of this plaintiff against Henry Hamman, is adjudged a nullity, and the original decree as entered in that case will stand as conclusive as between the parties.—*Reversed.*