J. F. WILHELMI v. THE DES MOINES INSURANCE COMPANY, Appellant.

**Limitation of Actions:** BY CONTRACT: *Insurance.* A provision in a fire policy that no suit thereon shall be sustainable, unless commenced within six months after the fire, is valid.

SAME: *Successive suit.* Code 1873, section 2537, providing that if plaintiff fails in an action, for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the new suit shall, for the purposes herein contemplated, "be deemed a continuation of the first," applies only to statutory limitations, and not to those created by contract.

SAME. An action on a policy providing that no suit on it should lie unless commenced within six months after the fire, was defeated because it was commenced within ninety days after notice of loss, contrary to Acts Eighteenth. General Assembly, chapter 211,

section 3.  *Held*, that plaintiff was not entitled to maintain the second action, not commenced within six months after the fire, because defendant did not set up the defense of prematurity in the first action until the six months limitation had expired.  The insurer owed the insured no duty to disclose such defense.

SAME.  Nor was he entitled to maintain the second action because the first suit was not in fact premature, because of the existence of facts which he failed to show in his first action.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

WEDNESDAY, OCTOBER 27, 1897.

ACTION at law upon a policy of insurance, to recover for a loss caused by fire.  A demurrer to the petition was overruled, and the defendant refusing to plead further, judgment was rendered in favor of the plaintiff for the amount of the policy, with accrued interest and costs.  The defendant appeals. — *Reversed.*

*McVey & Cheshire* and *McVey & McVey* for appellant.

*Gatch, Connor & Weaver* for appellee.

ROBINSON, J.—The petition states that on the fifth day of March, 1889, the defendant delivered to the plaintiff the policy in suit; that it insured him against loss or damage by fire, in the sum of one thousand, eight hundred dollars, on a stock of merchandise which is described; that on the twenty-second day of September, 1889, and while the policy was in force, the property insured was, without fault on the part of the plaintiff, destroyed by fire; that on the same day the plaintiff went personally to the secretary of the defendant, at his office in Des Moines, reported the loss to him, and asked him to send an agent to examine and report upon the loss; that thereupon the secretary directed an

agent of the defendant to go with the plaintiff and inspect the loss, which was done; that the agent, after inspecting the loss, reported to the secretary that it was total; that on the same date the secretary waived written notice of proof of loss, and questioned the plaintiff fully in regard to the origin of the fire and all things connected with the loss, and the value of the goods, and made memoranda from the answers given by the plaintiff; that the secretary then requested the plaintiff to procure, so far as possible, his bills, copies of account, and other papers relating to his stock and loss, and make a sworn statement as to the amount and extent of the loss and the value of the stock destroyed, all of which the plaintiff did on the twenty-fourth; that at that time the statement was reduced to writing by the secretary, and at his request was verified by the plaintiff; that the plaintiff then asked the secretary if he required any further proof or notice, and was informed by the secretary that nothing further was required; that, by reason of what was said and done as stated, the defendant waived any further notice or proof of loss; and that the secretary waived written notice of proof of loss by refusing to pay the amount of the policy for the alleged reason that the plaintiff was not the sole owner of the property insured. The petition further alleges that on the twenty-sixth day of December, 1889, the plaintiff commenced an action at law in the district court of Polk county to recover the claim for which he sues in this action, and on the twenty-seventh day of September, 1890, recovered judgment therein for the amount of the policy, but that on appeal the judgment thus obtained was reversed by this court on the fourteenth day of October, 1892, for the reason that the action was commenced within ninety days after notice of loss had been given, contrary to section 3 of chapter 211 of the Acts of the

Eighteenth General Assembly; that upon the filing of a *procedendo* in the district court on the eighth day of December, 1892, the original suit was dismissed without prejudice. The petition also states that the plaintiff was advised by counsel, and believed, that by reason of what he had done, and what the secretary of the defendant had said and done, there was a waiver of other notice or proof of loss than that which had been given, and in consequence filed his petition in the original action more than ninety days after the alleged waiver was made; that on the sixteenth day of May, 1890, the defendant filed an answer which set out several defenses, but did not claim that the action was prematurely brought, and never, within the knowledge of the plaintiff, made such a claim until the twentieth day of September, 1890, on which date the cause was called for trial; that at that time the defendant filed an amendment to its answer, which averred that the action was prematurely brought. The petition alleges further that the plaintiff prosecuted the action with due diligence, and that within six months after the failure thereof, for the reason stated, this action was commenced in continuation of the former action. The policy, a part of which is made a part of the petition, provides that none of the terms and conditions of the policy can be waived, excepting in writing, by the secretary of the defendant, and that no action on the policy shall be sustainable in any court of law or equity unless commenced within six months next ensuing after the fire. This action was commenced on the twenty-first day of December, 1892. The grounds of the demurrer are, in substance, that the issues tendered by the petition were adjudicated in the former action, and that this action was commenced more than six months after the loss occurred, contrary to the provisions of the policy; that the facts pleaded show that this is not a

continuation of the original action, and do not show any excuse for the delay in bringing this action, and that the plaintiff failed in the original action by reason of negligence on his part; and that he voluntarily dismissed that action, and a new one cannot be brought after the expiration of the time fixed by the policy. This is the second submission of this cause for our determination, a re-hearing having been granted after the filing of the opinion on the first submission.

I.   Section 2537 of the Code of 1873 provides that, "If after the commencement of an action, the plaintiff fail therein for any cause except negligence in its prosecution, and a new suit be brought within six months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first." It was held by this court in the original action that it was prematurely brought. See *Wilhelmi v. Insurance Co.*, 86 Iowa, 326. To avoid the effect of that decision, and relying upon the section of the Code we have quoted, the plaintiff dismissed the original action, and commenced this one, as already stated. The plaintiff contends that the facts admitted by the demurrer show that the original action was not prematurely brought; hence, that he was not negligent in bringing it; and that, under the statute quoted, this must be regarded as a continuation of the former suit. It is claimed by the defendant and denied by the plaintiff that the effect of the decision of this court on the appeal in the original action was to adjudicate finally that it was commenced prematurely. We do not find it necessary to determine that question. If it be conceded that the claim of the plaintiff that as the judgment of the district court was reversed, and the cause was then dismissed without further proceedings, there was no final adjudication, is well founded, it does not follow that this action can be maintained. The questions

which are controlling in this case were considered and determined in *Harrison v. Insurance Co.*, 102 Iowa, 112. It was there held that provisions in policies of insurance limiting the time within which actions thereon may be commenced, similar to the one involved in this case, are valid, and that the section of the Code we have quoted applies to statutory limitations, and not to those created by contract. Therefore this action cannot be regarded as a continuation of the one first brought, and it was commenced after the expiration of the time limited by the policy for the commencement of an action.

It is said that the defendant did not, in the original action, plead that it was prematurely brought, until after the time for bringing an action on the policy, as fixed by its terms, had expired. The thought expressed is that the defendant was guilty of bad faith in thus delaying to plead that defense, for the reason that, had it been urged sooner, the action could have been dismissed, and a new one commenced within the time allowed by the policy. We do not know of any duty upon the part of the defendant to protect the interest of the plaintiff by pointing out the defects in his proceedings before the case was reached for trial. The amendment to the answer which alleged that the action was prematurely brought appears to have been filed by permission of the court, and, so far as is shown, without objection by the plaintiff.

It is said the plaintiff was not negligent in prosecuting the original action, because he relied upon and followed the advice of competent attorneys in what he did, and he was sustained in it by the district court. If it be true that he was not negligent in commencing the action prematurely, and prosecuting it as long as he did, that fact does not afford ground for relief in this action. The petition upon which

he now relies shows that the first action was not prematurely brought, for the reason that the secretary, who was authorized to waive requirements of the policy, did so, with respect to formal notice and proof of loss. See *Ruthven v. Insurance Co.*, 102 Iowa, 550. And the first action was not commenced until after the expiration of ninety days from the time of that waiver. If the averments of the petition in this case are true,—and the demurrer admits that they are,—the facts could have been shown in the former action; and if it be true, as claimed by the appellant, that there was no final adjudication by this court as to whether the action was prematurely brought, the fact could have been inquired into and determined after the cause was remanded to the district court. If the plaintiff's theory of the law be true, he has failed to show any sufficient reason for discontinuing his first action, and must be held to have been negligent in not showing in that action the waiver which he now pleads. It is immaterial whether there was an adjudication of negligence on the part of the plaintiff in the first action, or whether he is now shown to have been guilty of negligence in prosecuting it. The effect is the same, and there is no equitable ground for holding that section 2537 of the Code of 1873 applies in this case. We conclude that the limitation of the right of action contained in the policy in suit is valid and binding, and that the plaintiff's right of action is not saved by the statute cited. It follows that the demurrer should have been sustained, and the judgment of the district court is REVERSED.