BELLE COOLEY et al., Appellants, v. HORACE MAINE et al., Appellees.

**JUDGMENT: Judgments on Demurrer.** A judgment sustaining a
1 demurrer in an equity action, without further pleading over, is a final judgment.

**LIMITATION OF ACTIONS: Second Action as Continuance of**
2 **Former Unsuccessful One.** The "failure" of an action which will authorize the rebringing of the same action within six months as a continuance of the former unsuccessful one must be a failure *unaccompanied by a final judgment.* (Sec. 3455, Code, 1897.)

*Appeal from Adams District Court.*—THOS. L. MAXWELL, Judge.

JANUARY 11, 1918.

REHEARING DENIED MAY 10, 1918.

THE question is whether appellant, whose petition was successfully demurred to on the ground that the cause presented was barred by limitations, was by such ruling wrongfully denied the benefits of Section 3455 of the Code, which authorizes the rebringing of an action where plaintiff has, for some cause other than his negligence, failed in the prosecution of an earlier action.—*Affirmed.*

*Mulvaney & Mulvaney; W. S. Hefling, C. C. Coyle,* and
*J. H. Ritchey,* for appellants.

*A. Ray Maxwell, Meyerhoff & Gibson,* and *R. L. Par-
rish,* for appellees.

SALINGER, J.—I.  The appellants took their chances in
presenting the appeal in the manner that it is done.  Their
presentation fully justifies us in refusing to consider the
merits of the appeal, should we elect to insist upon that
right.  We must say this much so that, once more, it may be
emphasized that appellants must read the rules governing
presentation here.  We have elected to waive our privilege
because of the character of the law question involved, and
because it is somewhat easier to ascertain what they are
and to pass upon them than it would be in some other cases
having like presentation.

II.  Appellants at one time began suit like the one now
before us.  A demurrer to their petition was sustained on
the ground that the action was barred by limitation.  We
affirmed that ruling.  See 163 Iowa 117.

**1. JUDGMENT:**
**judgments on**
**demurrer.**

They rebrought the suit, filed a like petition,
and like demurrer was interposed.  The ap-
peal is taken because this last demurrer was sustained.  Ap-
pellants contend that the second suit was not barred by
time, because they are within the provision of Code Section
3455, that, if a new action is brought within
six months after a first has failed for any
cause except negligence in prosecution, the
second action shall, for certain purposes, be
held a continuation of the first.  As they do not and could

**2. LIMITATION OF**
**ACTIONS: sec-**
**ond action as**
**continuance**
**of former un-**
**successful one.**

not well urge that this statute saves them from the statute
of limitations if the judgment in the first suit constitutes an
adjudication, analysis shows that what they do urge is that
a judgment sustaining a demurrer is not a final judgment.
Elaborating, they say that all the court did was to dismiss

the petition because demurrer thereto had been sustained
and plaintiff had not pleaded over; that, because of Code
Section 3764, all that was effected was a dismissal without
prejudice; that plaintiff had been guilty of no negligence
in the prosecution of the first suit; that this made the sec-
ond a continuation of the first suit; and that, because of
said dismissal, no adjudication stands in the way of dealing
with the last suit as a continuation of the first.

We agree that, under *Dunton v. McCook,* 120 Iowa 444,
the affirmance of the first judgment adds nothing to the
judgment affirmed. Neither does it take anything from it.
So we have, as the sole question, Did the first judgment
create an adjudication? If that be so, the appeal cannot
be sustained.

The statute, Code Section 3764, has no provision that,
when judgment is due on sustaining demurrer to a petition,
that there shall be dismissal; consequently it does not
provide for a dismissal without prejudice.

A presumption that all decisions are upon the merits,
and Code Section 3765 decrees that they shall be so, ex-
cept in the cases wherein Section 3764 expressly requires
a dismissal without prejudice. It is quite elementary that
dismissal of the petition in a suit in equity is a final deci-
sion, and with prejudice. This is a suit in equity. *Conner v.
Long,* 63 Iowa 295, holds, by implication, that, where the
trial is in equity, a dismissal is with prejudice. The exact
holding is that, though it appears the trial was in equity,
if the record shows the case was in fact decided, and the
judgment rendered on a demurrer, *if there was error in
ruling on the demurrer,* there must be a reversal. This,
of course, is not a decision that a judgment on demurrer
is not a final judgment, but only that, though a final judg-
ment, it must be reversed if an erroneous one. *McDonald
v. Jackson,* 55 Iowa 37, but settles that the continuation
statute applies only where no judgment upon the merits

is rendered in the first action; therefore, has no bearing on what is a judgment on the merits. It seems to us that *District Twp. of Spencer v. District Twp. of Riverton*, 62 Iowa 30, cited by appellants, is against appellants. The case holds, first, that the statute of limitations applies to actions in equity as well as at law, and that the continuation statute, while it extends the time for commencing an action, does not extend the time for bringing into existence the conditions without which no action can be maintained, and that, accordingly, where a demand was necessary, and it was not made until after the time of the statute had run against the claim, that such claim was barred, notwithstanding it might otherwise have been saved, under the provisions of the continuation statute. *Dillavou v. Dillavou*, 142 Iowa 291, though relied on by appellants, also militates against their contention. It holds that a judgment on demurrer to a petition which goes to the merits of the case and affects all defendants, whether they join in the demurrer or not, is an adjudication as to all. We are unable to agree that, when it is decided that a cause of action pleaded is barred by the statute of limitations, that the decision is "not on the merits." *Gregory v. Woodworth*, 107 Iowa 151, holds squarely that if, on decision of a demurrer, the plaintiff fails to amend his petition, and appeals, that then, on affirmance of that judgment, it becomes a final adjudication, which bars another action for the same cause. It is held in *Lamb v. McConkey*, 76 Iowa 47, that, where a demurrer is sustained to a petition on the ground that, under the facts stated, that plaintiff is not entitled to the relief demanded, and on refusal to amend, judgment is rendered on the demurrer, such judgment is a final adjudication, not only as to all matters actually in issue then, but as to all other matters which might or should have been pleaded as entitling plaintiff to a relief demanded in that action, and that a subsequent action cannot be main-

tained on such other matters unless it is averred that they
arose since the prior action was determined. The only
semblance to a relevant holding to be found in *East Boyer
Tel. Co. v. Incorporated Town of Vail,* 166 Iowa 226, is that
the ruling on a first appeal from a decision of the trial court
on demurrer governs on a subsequent appeal from the grant-
ing of a motion to strike certain portions of plaintiff's
amended and substituted petition, where the legal questions
involved in both appeals are the same.

We can find no relevancy whatever to anything involved
here in *Wapello St. Sav. Bank v. Colton,* 143 Iowa 359.

Code Section 3461, cited, is that an assignment of a
thing in action shall be without prejudice to certain de-
fenses existing before notice of the assignment.

The point relied on in *Free v. Western Union Tel. Co.,*
135 Iowa 69, at 78, is but a statement of the statute pro-
vision that, if the facts stated by the petition entitled the
plaintiff to no relief whatever, advantage may be taken of
it by motion in arrest of judgment before judgment is en-
tered; and that if, for failure of an allegation, a petition
is demurrable, the judgment may not be attacked collaterally
on that ground, nor so attacked for the first time on appeal.

*Kirk v. Litterst,* 71 Iowa 71, declares that want of
evidence to sustain a verdict will not base a motion in ar-
rest of judgment, because that is available only where the
facts stated in the petition do not entitle the plaintiff to
any relief.

*Johns v. Bailey,* 45 Iowa 241, but decides that failure
to demur will not deprive an appellant to urge a legal ob-
jection to the judgment when the fact upon which the ob-
jection was based was not pleaded; and *Davis v. Bonar,* 15
Iowa 171, Point 2, page 172, is a decision that it is not a
good ground of demurrer that a pleading is argumenta-
tive.

The judgment appealed from must be and is—*Affirmed*.

PRESTON, C. J., LADD, EVANS, and GAYNOR, JJ., concur.