PHOENIX INSURANCE COMPANY of Hartford, Petitioner, v. HOMER A. FULLER, Judge, and WAYNE COUNTY DISTRICT COURT, Respondents.

No. 42154.

OCTOBER 17, 1933.

D. Cole McMartin, for petitioner.

O. M. Slaymaker and R. E. Killmar, for respondents.

STEVENS, J.—A brief historical recital of the facts and of the proceedings already had in the district court of Wayne county, and

in this court in Garton v. Phoenix Insurance Co., petitioner herein, is essential to a comprehensive disposition of the matters presented for consideration. The aforesaid action was commenced in the district court of Wayne county in February, 1931, and trial was had upon the issues joined resulting in a ruling for a directed verdict in favor of the defendant. Upon appeal to this court, the judgment of the district court was affirmed. Garton v. Phoenix Insurance Co., 215 Iowa 1213, 247 N. W. 639.

In due time, procedendo to the district court was issued. Thereafter, and on May 25, 1933, the plaintiff in said action filed a substituted petition in equity, and on the same day also filed a motion to transfer the cause to equity for trial. On the 29th day of May, the following order was signed by respondent as judge of the district court:

"On presentation of the Substituted Petition of Plaintiff and Plaintiff's Motion to Transfer to Equity, it is Ordered

"That defendant answer both said Petition and Motion on or before the 16th day of June, 1933, or the prayer of said Petition and Motion will be granted.

"That defendant's attorney shall be given three days' notice of the filing of such Petition and Motion, and of the time fixed for appearance.

"If defendant does appear in resistance of said Petition and Motion, then said motion and trial will be heard in its regular order of assignment.

"Dated this 29th day of May, 1933."

On the 9th day of June, the Phoenix Insurance Company presented a petition for a writ of certiorari to one of the judges of this court, alleging that the aforesaid order of the district court was wholly void for the reason that the court was without jurisdiction to issue same. Due notice was served upon petitioner herein of the order entered by the court. Subsequently, and on August 2, 1933, petitioner accepted service of an original notice of the filing of the substituted petition in equity and requiring petitioner to appear in said action at the August term of court. The defendant Phoenix Insurance Company appeared specially in said action. These proceedings are shown by an amendment to the court's return previously filed.

It is contended by respondent that whether or not the court

had jurisdiction to enter the order complained of, petitioner has a speedy and adequate remedy in said action by appeal, and that certiorari is not, therefore, the proper remedy; (2) that the court had full jurisdiction and legal right to make the order complained of.

It is also urged by counsel for respondent that the proposition presented is now moot, and that, for this reason, the writ should be dismissed. This latter contention may not be without some merit, but the order complained of still stands and may be the source of controversy in the further progress of the new action, if such it may be properly regarded. No question involving this point is before us in this proceeding, and we express no opinion thereon.

 The original action was at law upon a policy of insurance. One of the defenses interposed was that there had been a change in the location of the property insured without the consent of the insurer, and that the policy was therefore breached and rendered unenforceable. There can be no question but what the judgment entered in the district court in the said action and affirmed on appeal by this court is a final judgment. Section 11567; Taylor, Shipton & Co. v. Runyan, 3 Iowa 474.

The cause of action pleaded in the substituted petition is in equity, and prays that the insurance company be required to issue a policy in conformity to the alleged oral agreement of the parties, or that the policy issued be reformed, and that plaintiff therein have all just and proper equitable relief.

As stated, the substituted petition was filed under the caption and docket number of the original action. Presumably, this was for the purpose of preventing the bar of the statute of limitations. Section 11017 of the Code, relating to this subject, provides as follows:

"If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

The substituted petition was filed within six months after the final termination of the original action. It is well settled by the prior decisions of this court that the foregoing statute is not available to the plaintiff named in the substituted petition, for the reason that it applies only when no final judgment upon the merits has

been entered in the prior action. McDonald v. Jackson, 55 Iowa 37, 7 N. W. 408; Pardey v. Town of Mechanicsville, 112 Iowa 68, 83 N. W. 828; Wilhelmi v. Des Moines Insurance Co., 103 Iowa 532, 72 N. W. 685; Cooley v. Maine, 183 Iowa 560, 165 N. W. 1015; Harrison v. Hartford Fire Insurance Co., 102 Iowa 112, 71 N. W. 220, 47 L. R. A. 709.

This court said in Bird v. Nelson, 216 Iowa 262, 264, 249 N. W. 393, 394:

"Clearly, the action which is to be brought within the six-month period as provided for in section 11017 of the 1931 Code of Iowa is a new action, and, after the appellant had dismissed his original action without prejudice and the judgment had been entered against him, the mere filing by him of a petition entitled 'Petition—Continuation of Original Action' is not a new action such as contemplated and provided for in said section, and his original action is not revived."

Section 11017 does not enlarge the statute of limitations, and its provisions arc limited to actions commenced within six months. Final judgment having been entered in the original action, the commencement of a new one within the prescribed period will not, under the statute and the prior decisions of this court, be deemed a continuation thereof for any purpose.

It is clear that the order entered by the district court of Wayne county, the validity of which is challenged in this original proceeding in this court, was issued without jurisdiction and is wholly void. This being true, the petitioner was not bound to appear in response to the notice served upon it of the order entered without jurisdiction or authority and proceed to final judgment and then appeal. Although available, such remedy, under the repeated decisions of this court, is not necessarily exclusive. It was not necessary for petitioner to await the slow process of a trial and to incur the expense thereof. It is, of course, true that the question here presented might have been raised by special appearance, but the remedy sought, where the court has acted without jurisdiction, has been recognized by this court frequently. Edgar v. Greer, 14 Iowa 211; Bardes v. Hutchinson, 113 Iowa 610, 85 N. W. 797; Hamman v. Van Wagenen, 94 Iowa 399, 62 N. W. 795.

Nothing said in any of the following cases cited and relied upon by respondent are in conflict with the conclusion reached in

this case: Walsmith v. Jackson, 195 Iowa 630, 192 N. W. 513; Bird v. Nelson, 216 Iowa 262, supra; Hammond v. Des Moines Municipal Court, 197 Iowa 511, 197 N. W. 628; McGrath v. District Court, 205 Iowa 191, 217 N. W. 823; Hoskins v. Carter, 212 Iowa 265, 232 N. W. 411. No question of jurisdiction was involved in any of the cited cases.

For the reason stated, the writ must be, and it is, sustained.— Writ sustained.

ALBERT, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.