362 P.2d 796

**L. J. CARTWRIGHT et al., Plaintiffs-Appellants**

v.

**PUBLIC SERVICE COMPANY OF NEW MEXICO, a New Mexico Corporation, Defendant-Appellee.**

No. 6828.

Supreme Court of New Mexico.

June 8, 1961.

Hannett, Hannett & Cornish, Albuquerque, for appellants.

W. A. Keleher, John B. Tittmann, Albuquerque, A. T. Rogers, Jr., James V. Noble, Las Vegas, for appellee.

COMPTON, Chief Justice.

A brief résumé of the record of this action and the case of Cartwright et al. v.

Public Service Company of New Mexico, 66 N.M. 64, 343 P.2d 654, recently decided by this court, is essential to a proper understanding of the questions involved herein.

In the former case, the plaintiff Cartwright, joined by a large number of other water users from the Gallinas River, filed a complaint consisting of several causes of action in the District Court of San Miguel County against the defendant Public Service Company wherein they set up their rights to the use of waters of the stream and its tributaries, and alleged further that the defendant was trespassing thereon by appropriating such waters to its own use in derogation of their rights. Relief by way of injunction and damages was sought.

The defendant in the former case interposed an affirmative defense, that is, that the Town of Las Vegas and the Public Service Company were entitled to priority in use of the waters from the Gallinas River and its tributaries as against the plaintiffs therein under the Doctrine of Pueblo Rights resulting from a colonization grant to defendant's predecessors made by the Republic of Mexico under date of April 6, 1835. At a hearing of the affirmative defense only, the trial court found for the defendant and dismissed the action, and the plaintiffs appealed. We affirmed, and in due time mandate followed.

Within six months thereafter the same plaintiffs, having failed in the former case, instituted this separate action against the defendant for damages for having been unlawfully deprived of the use of the waters of the Gallinas River, alleging that the grant from Mexico or Spain was made to the "Town of Las Vegas Grant" and not to the "Town of Las Vegas" as determined in the former case. The plaintiffs also filed requests for admissions as to the genuineness of certain documents and as to the correctness of certain statements.

The defendant moved for a dismissal on the ground that the question presented in this action had been tried on the merits in the former case and that the matter was res judicata. The motion to dismiss was granted and the requests for admissions were denied, to which action of the court plaintiffs duly excepted. This appeal is from an order dismissing the action.

The plaintiffs rely on § 23–1–14, 1953 Comp., which reads:

"If, after the commencement of an action, the plaintiffs fail therein for any cause, except negligence in its prosecution, and a new suit be commenced within six (6) months thereafter, the second suit shall, for the purposes herein contemplated, be deemed a continuation of the first."

The plaintiffs make the argument that the present action is a continuation of the former suit and, that having failed in

the former action, the present suit is deemed a continuation of the former action. The argument cannot be sustained; the section has no application to a case where judgment has been rendered on the merits. Taking judicial notice of the pleadings, findings of fact, conclusions of law, and the judgment in the former case, the conclusion is inescapable that all issues raised in plaintiffs' complaint in this action were adjudicated in the first case and the matter is res judicata. The rule is succinctly stated at 54 C.J.S. Limitations of Actions § 287, as follows:

" * * * The statute applies only where the original action has failed other than on the merits or where no final judgment on the merits has been entered in the first action. It is inapplicable where the original action has been dismissed after a trial on the merits, or where the judgment entered therein is a final judgment on the merits, or where the judgment is res judicata."

The statute first appears as Chapter 5, Laws 1880, having been taken from the State of Iowa, I.C.A. § 614.10. The Iowa statute as it then existed is the same as our statute, except the word "commenced" was substituted for the word "brought" appearing in the Iowa statute. In this situation, the construction given the statute by the Iowa court is persuasive.

In McDonald v. Jackson, 55 Iowa 37, 7 N.W. 408, 409, that court in construing the statute said:

"This section can apply only to a case where no judgment upon the merits is rendered, and another suit is brought upon the same cause of action. If a judgment upon the merits should be rendered, it is apparent that it would operate as a bar to a new suit. In this case there was a final judgment upon the merits, * * *"

To the same effect see the later case of Phoenix Insurance Company of Hartford, Connecticut v. Fuller, 216 Iowa 1201, 250 N.W. 499, and cases therein cited.

While the complaint in the present action alleges that the grant was made to the "Town of Las Vegas Grant," the ownership of the waters of the Gallinas River and its tributaries was the ultimate question to be determined in the first case, and ownership thereof was adjudicated as belonging to the City and Town of Las Vegas as successors to the original Mexican Pueblo. This adjudication is conclusive of all matters alleged in this action. Incidentally, the record in the former case discloses that a patent was issued to the "Town of Las Vegas", its successors and assigns, under date of June 7, 1903.

It is now asserted that appellee and its predecessors in interest could not and

had never acquired any title to the waters of the river other than the amount set forth in the Hope Decree and in its application to the state engineer to build what is known as Bradner Dam. In this regard, if the plaintiffs had some other claim concerning the ownership of the waters, they were faced with the peril of having litigated such claim in the first trial. They may not do so now.

The court did not err in denying plaintiffs' requests for admissions.

The order dismissing the complaint should be sustained.

It is so ordered.

E. T. HENSLEY, Jr., and J. V. GALLEGOS, District Judges, concur.

CARMODY, Justice (specially concurring).

Inasmuch as I did not participate during any of the various stages of Cartwright et al. v. Public Service Company of New Mexico, 66 N.M. 64, 343 P.2d 654, I do not want it to appear that my concurrence in this opinion suggests or intimates either approval or disapproval of the above mentioned case. However, I do concur in the disposition of this particular proceeding, based solely upon the construction of the statute mentioned in the majority opinion herein.