**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 13 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

CHARLES ROWE,

        Petitioner-Appellant,

v.

TIM LEMASTER, Warden, New
Mexico State Penitentiary; STATE OF
NEW MEXICO; ROBERT PERRY,
Secretary of Corrections for the
State of New Mexico; ATTORNEY
GENERAL STATE OF NEW
MEXICO,

        Respondents-Appellees.

No. 99-2273

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO
### (D.C. No. CIV-98-1288-BB/DJS)

Submitted on the briefs:

Ron Koch and Stephen C.M. Long, Albuquerque, New Mexico, for
Petitioner-Appellant.

Patricia A. Madrid, Attorney General, Anthony Tupler, Assistant Attorney
General, Santa Fe, New Mexico, for Respondents-Appellees.

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

**ANDERSON** , Circuit Judge.

     Petitioner appeals from a district court order dismissing his federal habeas petition as untimely under the one-year limitations period established by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1). [1] We must decide whether the interval between successive state habeas proceedings is excluded from the limitations period when the second state petition is designated, but never formally approved, as an amendment to the first. We review the legal questions raised here de novo. *See Adams v. LeMaster* , ___ F.3d ___, 2000 WL 1174646, at *2 (10th Cir. Aug. 18, 2000) (No. 99-2348). For reasons stated below, we hold that the hiatus between petitioner's state habeas efforts is not excluded from the limitations period and, accordingly, affirm the district court's dismissal of this proceeding under § 2241(d)(1). [2]

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    The district court granted a certificate of appealability (COA) specifically to permit review of the limitations issue. *See* 28 U.S.C. § 2253(c). The court did not, concomitantly, address the merits of the underlying petition to determine if it debatably stated a valid constitutional claim, as required by *Slack v. McDaniel* , 120 S. Ct. 1595, 1604 (2000) for issuance of a COA on procedural grounds. *See Adams* , 2000 WL 1174646, at *2. But, despite this omission, "[n]ow that the district court has made appealable [the limitations issue] in this case by its [COA]

(continued...)

# I

The pertinent procedural facts are not in dispute. Petitioner was convicted in 1984 of three counts of criminal sexual penetration. The New Mexico Court of Appeals affirmed his conviction, and the New Mexico Supreme Court denied certiorari review in 1985. For a prisoner such as petitioner, whose conviction became final before AEDPA's April 24, 1996 effective date, the one-year limitation period in § 2244(d)(1) commences to run on that date. *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998). Petitioner filed this federal habeas proceeding on October 15, 1998. Thus, absent tolling of the limitation period, the petition was eighteen months late and subject to dismissal.

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." Petitioner filed a state habeas petition on February 25,

---

[2](...continued)
order, we must review the merits of [that issue]." *LaFevers v. Gibson*, 182 F.3d 705, 710-11 (10th Cir. 1999) (post-AEDPA case noting error in district court's grant of COA, but following rule of *Nowakowski v. Maroney*, 386 U.S. 542, 543 (1967), which held "when a district court grants such a certificate [of probable cause], the court of appeals must . . . proceed to a disposition of the appeal in accord with its ordinary procedure"); *see also United States v. Talk*, 158 F.3d 1064, 1068 (10th Cir. 1998) (questioning correctness but declining to reconsider validity of district court's grant of COA), *cert. denied*, 525 U.S. 1164 (1999). We therefore proceed to the merits of the appeal.

1997, which was denied seventeen days later. Petitioner had thirty days in which to seek review of that decision, but did not do so. Accordingly, the district court concluded that this state habeas proceeding tolled the AEDPA limitations period for a total of forty-seven days, extending the deadline until June 11, 1997. This left the instant petition still some sixteen months late.

That brings us to the nub of this appeal. Petitioner notes he filed an "amended" state habeas petition on February 25, 1998, the summary denial of which became final for purposes of § 2244(d)(2) when the New Mexico Supreme Court denied certiorari review on August 13, 1998. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 808 (2000). He contends this second proceeding not only tolled the AEDPA limitations period for the five and one-half months it was pending, *see Barnett v. LeMaster,* 167 F.3d 1321, 1322-23 (10th Cir. 1999) (holding § 2244(d) period tolled during pendency of second state habeas petition), but also retrospectively caused the twelve months *between* the state habeas proceedings to be excluded as well. The latter point is crucial–otherwise the time for seeking habeas relief expired long before the second state habeas proceeding was even filed.

## II

None of the federal authority cited by petitioner supports the view that time between successive state habeas petitions is somehow excluded from the AEDPA limitations period. In particular, we note that *Villegas v. Johnson*, 184 F.3d 467 (5th Cir. 1999), like *Barnett* cited above, merely excludes the time during which the second post-conviction proceeding is prosecuted. Indeed, the language of the statute makes it quite clear that the limitations period is tolled only while the "State post-conviction or other collateral review . . . *is pending*." § 2244(d)(2) (emphasis added).

However, petitioner insists that under New Mexico law his self-styled "amended" habeas petition related back to his initial petition, resulting in a single proceeding continuously pending until the amended petition was finally resolved. For this contention, he relies on N.M. R. Civ. P. 1-015(C), which, like its federal counterpart, permits an amendment to relate back to the date of an original pleading when certain conditions are met. The defect in petitioner's argument is plain: the first state habeas proceeding had been reduced to a final, unappealed judgment (which has never been set aside or vacated) long before the amended petition was filed. Petitioner cites no state authority permitting the resurrection of such a case through the vehicle of amendment–and the state court did not formally approve any amendment of his first petition before summarily denying

-5-

the second pleading. Indeed, by statute, New Mexico trial courts generally do not retain jurisdiction more than thirty days after entry of judgment, *see* N.M. Stat. Ann. § 39-1-1, and, hence, lack authority to permit amendment thereafter.[3] *See Corbin v. State Farm Ins. Co.*, 788 P.2d 345, 348 (N.M. 1990). Notwithstanding the nomenclature petitioner chose to use, he did not in reality amend his first petition but, rather, filed a second one.

New Mexico has a distinct statutory provision under which a second suit may be deemed a continuation of a previously dismissed case. But, this savings statute is inapplicable when the second suit is not "commenced within six months" of the initial disposition, N.M. Stat. Ann. § 37-1-14, or when the initial disposition entailed a "judgment . . . rendered on the merits," *Cartwright v. Public Serv. Co.*, 362 P.2d 796, 797 (N.M. 1961). Both of these considerations would preclude continuation here.

---

[3]     This is consistent with amendment under Fed. R. Civ. P. 15(c): "Rule 15(c) concerns amendments to pleadings. Its plain language makes clear that it applies not to the filing of a new complaint . . . . The [subsequent pleading] could not plausibly be construed as an amendment to an already dismissed [case] without tempering the plain meaning of Rule 15(c)." *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 994 (8th Cir. 1989) (quotation omitted); *see, e.g., Seymour v. Thornton*, 79 F.3d 980, 987 (10th Cir. 1996) (reciting general rule that "once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated" (quotation omitted)); *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) (same).

In sum, AEDPA's one-year limitations period commenced on April 24, 1996, was tolled for a short time during the pendency of petitioner's first state habeas proceeding, and then expired in June of 1997, long before petitioner filed his second state habeas petition. Accordingly, the district court properly held this federal habeas proceeding, commenced in October of 1998, time-barred.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.