Richard BERNTSEN and Bernard
Berntsen, Appellants,

v.

COOPERS & LYBRAND, L.L.P., A
Limited Liability Partnership f/k/a
Coopers & Lybrand, A General Part-
nership, Appellee.

No. 99–0434.

Supreme Court of Iowa.

March 21, 2001.

Thomas H. Dahlk of Blackwell Sanders
Peper Martin, Omaha, Nebraska, and
James P. Craig of Moyer & Bergman,
P.L.C., Cedar Rapids, for appellants.

Jerrold L. Strasheim and Mary Leiter Swick of Baird, Holm, McEachen, Pedersen, Hamann & Strasheim, Omaha, Nebraska, for appellee.

LAVORATO, Chief Justice.

Following a jury trial, the district court sustained the defendant's motion for judgment notwithstanding the verdict on several grounds. One of those grounds was that Iowa's savings statute, Iowa Code section 614.10 (1995), did not apply to save the plaintiffs' action from being time-barred. Because we agree that section 614.10 does not apply under the facts of this case, we affirm.

## I. Background Facts and Proceedings.

Coopers & Lybrand, L.L.P. (C & L), a national accounting firm, audited the consolidated financial statements of Capitol Group and its wholly owned operating subsidiary, Capitol Supply, Inc. (collectively Capitol), as of and for the period ending December 31, 1988. C & L issued to Capitol an unqualified opinion on the 1988 financial statements (1988 audit report) on April 12, 1989. Capitol Supply is a large plumbing supply company with warehouses in Nebraska and Iowa. Mark Chesen was its CEO, and Gerry Chesen was the Chairman of the Board of Directors.

Richard and Bernard Berntsen owned Plumbing Products & Supply, Inc. (PP & S), a plumbing products supply business located in Marion, Iowa. In September 1988, the Berntsens listed PP & S with GVA Financial Group (GVA) to find a buyer for PP & S.

In September 1989, Ron Hyde of GVA introduced the Berntsens to Mark and Gerry Chesen. The parties thereafter began negotiations for Capitol Group to purchase PP & S.

On September 28, 1989, Mark Chesen faxed a letter to the Berntsens proposing that Capitol Supply or a new holding company purchase PP & S for $775,000. According to the letter, the purchase price would consist of $450,000 in cash and $325,000 in the form of a note drawing ten percent interest. After setting out the terms of payment, the letter stated that Capitol Supply would "provide [the Berntsens] with audited financial statements on Capitol [Supply] during the due diligence process."

On October 2, the Berntsens accepted the terms of the letter of intent. That day, Mark Chesen faxed to the Berntsens a copy of the 1988 audit report. This was the first time that Capitol Group had provided this information to the Berntsens.

Thereafter, the parties negotiated the terms of a definitive agreement for the sale of PP & S. The closing took place on January 11, 1990. At that time, Capitol Supply transferred $425,000 in cash to the Berntsens and executed two notes to the Berntsens totaling $325,000. In return, the Berntsens transferred all stock in PP & S to Capitol Supply. Immediately following the closing, Capitol caused PP & S to be merged into Capitol Supply.

During these negotiations, C & L was in the process of beginning to audit the consolidated statements of Capitol as of and for the period ending December 31, 1989. Sometime in February 1990, C & L uncovered material overstatements of Capitol Supply's inventory brought about by Mark Chesen. The overstatements meant that the 1988 audit financial condition was materially overstated.

In July 1990, Capitol filed for bankruptcy in Omaha, Nebraska.

On January 8, 1992, the Berntsens filed separate fraud actions against C & L in federal district court in Nebraska. The federal court dismissed both actions for lack of diversity jurisdiction.

Before the federal court had dismissed the actions, the Berntsens filed separate actions against C & L in the Nebraska District Court of Douglas County based on negligence and fraud. The Nebraska District Court dismissed Bernard's petition on January 7, 1994 and Richard's petition on February 8, 1994. In both cases, the court ruled that the Nebraska statute of limitations barred the claims. On April 25, 1996, the Nebraska Supreme Court affirmed the dismissals. *See Berntsen v. Coopers & Lybrand,* 249 Neb. 904, 912, 546 N.W.2d 310, 315 (1996).

On October 11, 1996, the Berntsens filed the present action in the Linn County District Court on the same facts as alleged in the Nebraska action. They claimed that the savings statute, Iowa Code § 614.10, saved their case from the Iowa statute of limitations because they filed the present proceedings within six months of the Nebraska Supreme Court decision.

District Judge William Eads overruled C & L's motion for summary judgment as to the savings-clause issue. The court determined that the savings statute applied but concluded that there were disputed facts precluding summary judgment. Those facts pertained to the Berntsens' negligence in pursuing the Nebraska action.

The parties tried the case to a jury. The court submitted the case against C & L on theories of fraudulent and negligent misrepresentation. The court also instructed the jury to determine whether the Berntsens and their lawyers were free from negligence in prosecuting the Nebraska suit. This instruction allowed the jury to determine whether the savings statute saved the case from the Iowa statute of limitations.

The jury returned a verdict finding that (1) the Berntsens and their lawyers were not negligent in pursuing the Nebraska state court action; (2) C & L was at fault,

and its fault was a cause of the Berntsens' damage; and (3) the Berntsens were also at fault, which fault was also a cause of their damage. The jury found C & L was fifty percent at fault. The jury also found the Berntsens were fifty percent at fault. The jury, however, awarded no damages to the Berntsens.

C & L filed a motion for judgment notwithstanding the verdict, and the Berntsens filed a motion for additur or new trial. District Judge L. Vern Robinson, who had presided over the trial, granted C & L's motion for judgment notwithstanding the verdict and entered judgment for C & L and against the Berntsens. Among other things, the court concluded that, despite the earlier ruling of Judge Eads, the savings clause did not apply. *See Carroll v. Martir,* 610 N.W.2d 850, 857 (Iowa 2000) (holding that, until the district court has rendered a final order or decree, it has the power to correct any of the rulings, orders or partial summary judgments it has entered).

## II. The Issue.

Although C & L raises several issues on appeal, one is decisive: whether the savings statute applies.

A district court's ruling on a motion for judgment notwithstanding the verdict is reviewed for correction of errors at law. Iowa R.App. 4; *Gibson v. ITT Hartford,* 621 N.W.2d 388, 391 (2001). " 'A judgment notwithstanding the verdict must stand or fall on the grounds stated in the motion for directed verdict. On appeal, our review is limited to those grounds.' " *Gabelmann v. NFO, Inc.,* 571 N.W.2d 476, 480 (Iowa 1997) (quoting *Johnson v. Dodgen,* 451 N.W.2d 168, 171 (Iowa 1990)).

Iowa Code section 614.1 (Supp.1995) establishes time limitations for a variety of causes of action. Iowa Code section 614.10, the savings statute, provides:

If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second, shall, for the purposes herein contemplated, be held a continuation of the first.

This statute has remained substantially in this form since 1851. *See* Iowa Code § 1668 (1851).

There is no dispute that, when the Berntsens filed the Iowa petition on October 11, 1996, it was time-barred by Iowa's statute of limitation. There also is no dispute that the Berntsens brought the present proceeding within six months of the Nebraska Supreme Court decision. The fighting issue is whether Iowa Code section 614.10 saves the Berntsens' Iowa action from being time-barred.

■ In its motion for directed verdict and motion for judgment notwithstanding the verdict, C & L urged several grounds why section 614.10 did not apply. One of those grounds, which C & L argues here, we find decisive: section 614.10 is not applicable because the statute cannot be used to continue an earlier case that itself was filed after the statute of limitations had run and was subsequently dismissed for that reason.

■ This court has held that the savings statute cannot continue an earlier case that itself was barred by the statute of limitations. *See Cooley v. Maine*, 183 Iowa 560, 563, 165 N.W. 1015, 1016 (1918) (citing *Dist. Township of Spencer v. Dist. Township of Riverton*, 62 Iowa 30, 31–32, 17 N.W. 105, 105–06 (1883)); *see also* 51 Am. Jur.2d *Limitation of Actions* § 276, at 627 (2000) ("To claim the application of a savings statute, a plaintiff must have timely commenced the original action under the applicable statute of limitations; if the original action was properly dismissed as time-barred, the savings statute does not

apply."). This is because the savings statute does not enlarge the statute of limitations for the original action. *Phoenix Ins. Co. v. Fuller*, 216 Iowa 1201, 1204, 250 N.W. 499, 501 (1933).

■ This court has also held that the savings statute applies only when no final judgment upon the merits has been entered in a prior action. *Phoenix*, 216 Iowa at 1203–04, 250 N.W. at 501; *see also* 51 Am.Jur.2d *Limitation of Actions* § 288, at 635 ("Some savings statutes apply only if the original action was dismissed otherwise than on the merits."). The word "continuation" in section 614.10 implies a resumption of an action that has not been finally concluded. *See* Webster's Third New International Dictionary 493 (unabr. ed.1993) (defining "continuation" as "the action of carrying on or resuming"). When there has been a final judgment on the merits in the original action, there is nothing to continue. In such circumstances, the commencement of a new action within the prescribed period cannot be a continuance of the original action for purposes of Iowa Code section 614.10.

■ A decision that a cause of action is barred by the statute of limitations constitutes a final judgment on the merits for the purposes of the savings statute. *Cooley*, 183 Iowa at 563, 165 N.W. at 1016; *see also* 51 Am.Jur.2d *Limitation of Actions* § 288, at 635 ("A dismissal of the original action as time-barred constitutes a dismissal on the merits for the purposes of a savings statute."). Here, the Nebraska Supreme Court held that the Berntsens' state court actions in Nebraska were time-barred and that the Nebraska District Court, on that basis, properly sustained C & L's demurrers and dismissed the Berntsens' causes of action. *Berntsen*, 546 N.W.2d at 315. That decision was a final judgment on the merits. For that reason, Iowa's savings statute did not apply to the present proceeding.

Nevertheless, the Berntsens assert that, although their Nebraska actions were time-barred, those actions were filed in Nebraska at a time when, had they been filed in Iowa, would not have been time-barred. They argue that, in applying the time-bar rule to the original cause of action, the court must apply the statute of limitations that would have been in effect in the state where the second action was subsequently filed. Essentially, the Berntsens are asserting that, although their actions were untimely in Nebraska, they were not untimely under Iowa law, and for that reason, the prior-action time-bar rule does not apply to the Iowa action.

We see nothing in the language of section 614.10 that would support such an interpretation. Additionally, the interpretation is contrary to our own interpretation of section 614.10. Moreover, the Berntsens' interpretation would allow the savings statute to enlarge our statute of limitations, which had already run when the Iowa action was filed.

## III. Disposition.

We conclude the district court correctly sustained the motion for judgment notwithstanding the verdict on the ground that the savings statute did not apply. Accordingly, we affirm.

**AFFIRMED.**