FILED
United States Court of Appeals
Tenth Circuit

December 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VICTOR V. ROSE,

      Petitioner - Appellant,

v.

MIKE MULLIN,

      Respondent - Appellee.

No. 11-7038
(E.D. Okla.)
(D.C. No. 6:10-CV-00131-JHP-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Victor Rose, a state prisoner proceeding pro se,[1] wants to appeal from the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging the validity of his guilty plea and the effectiveness of his counsel.[2] The district court concluded his petition was untimely and there was no basis for equitable tolling. Because that decision is not even debatably incorrect we deny his request for a Certificate of Appealability (COA).

Rose pled guilty to second-degree burglary on June 13, 2007, after a former conviction of a felony and was sentenced to fifteen years imprisonment on June 19, 2007.

---

[1] We liberally construe Rose's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Our jurisdiction derives from 28 U.S.C. §§ 1291 and 2253(a).

**[18]** The next day, he filed a motion to withdraw the plea. The Oklahoma district court denied the motion on August 2, 2007. A little more than a year later, on August 27, 2008, the Oklahoma Court of Criminal Appeals (OCCA) affirmed. Because Rose did not petition for a writ of certeriori from the United States Supreme Court, his conviction became final 90 days later, on November 25, 2008. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007). Therefore, his deadline for filing a federal petition for a writ of habeas corpus was November 25, 2009. *See* 28 U.S.C. § 2244(d)(1)(A).

On March 24, 2009, before the one-year limitations period expired, Rose filed an application for state post-conviction relief in Oklahoma district court. The court denied the application on April 1, 2009, and the OCCA affirmed on May 28, 2009.

Rose filed this petition with the United States District Court for the Eastern District of Oklahoma on April 14, 2010. The district court determined the 66 days that his post-conviction proceedings were pending extended his deadline from November, 2009 to January 30, 2010. And because Rose filed his habeas petition on April 14, 2010, it was untimely. It also determined Rose failed to show "that some extraordinary circumstance stood in his way" which would warrant equitable tolling of the limitations period. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quotations omitted).

The district court denied Rose's timely request for a COA.[3] We have considered his request for a COA submitted to this Court. Fed. R. App. P. 22(b)(2) ("A request addressed to the court of appeals may be considered by a circuit judge or judges, as the

---

[3] Inexplicably, the district court permitted Rose to proceed *in forma pauperis* on appeal.

court prescribes."). Rose claims the district court erred because "there [was] no one year [lapse] of time" where an order or final judgment was not on appeal. But he misunderstands the one-year time limit; it is cumulative – the clock does not reset with each new pleading. *See Rowe v. LeMaster*, 225 F.3d 1173, 1175 (10th Cir. 2000) ("[T]he limitations period is tolled only while the 'State post-conviction or other collateral review . . . *is pending.'* § 2244(d)(2)").

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338. Where the district court dismisses a petition on procedural grounds, a COA requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. *Slack,* 529 U.S. at 483–84.

As no jurist of reason could reasonably debate the correctness of the district court's procedural ruling, we DENY the request for a COA and DISMISS this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge