FORD MOTOR CREDIT COMPANY, APPELLEE, V. ALL WAYS, INC., A NEBRASKA CORPORATION, AND GARY L. ROSS, AN INDIVIDUAL, APPELLANTS.

546 N.W.2d 807

Filed April 25, 1996.   No. S–94–669.

John W. DeCamp and Thomas L. Winkler, DeCamp Legal Services, P.C., for appellants.

Andrew E. Grimm, W. Eric Wood, and Lisa A. Sarver, of Dwyer, Pohen, Wood, Heavey, Grimm, Goodall & Lazer, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Ford Motor Credit Company (Ford) filed a replevin action against the defendants, All Ways, Inc., and its president, Gary L. Ross, alleging that the defendants tendered to Ford nonnegotiable documents in payment of two motor vehicle installment contracts and thereby defaulted on the contracts.

The district court for Keya Paha County entered summary judgment in favor of Ford, and the defendants appealed that judgment to the Nebraska Court of Appeals. Pursuant to our authority to regulate the caseloads of the appellate courts, we moved this case from the Court of Appeals' docket to this court's docket.

We affirm the summary judgment of the trial court because the defendants (1) did not tender to Ford negotiable instruments,

i.e., an unconditional promise or order to pay a fixed amount of money, and (2) defaulted on their installment contracts, thereby entitling Ford to replevin the vehicles involved in this action.

## ASSIGNMENTS OF ERROR

The defendants claim that the trial court erred in finding that (1) the tendered documents were not negotiable instruments, (2) Ford's duty to present the tendered documents to the drawee was excused, and (3) the defendants' obligations were not discharged upon tender of the documents. The defendants also claim that the trial court erred in overruling their motion for a rehearing.

## STANDARD OF REVIEW

In appellate review of a summary judgment, the court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Zion Wheel Baptist Church v. Herzog, ante* p. 352, 543 N.W.2d 445 (1996). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *C.S.B. Co. v. Isham, ante* p. 66, 541 N.W.2d 392 (1996).

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Kocsis v. Harrison, ante* p. 274, 543 N.W.2d 164 (1996). After the moving party has shown facts entitling it to a judgment as a matter of law, the opposing party has the burden to present evidence showing an issue of material fact which prevents a judgment as a matter of law. *Blackbird v. SDB Investments, ante* p. 13, 541 N.W.2d 25 (1995).

## FACTS

In its replevin petition, Ford alleged in substance as follows:

The defendants signed two retail installment contracts for the purchase of a Lincoln passenger car and a Ford truck from Seward County Ford Lincoln Mercury, Inc. The two contracts were secured by liens on the vehicles. Seward County Ford Lincoln Mercury, Inc., assigned its interests in the contracts to Ford.

On October 27, 1993, the defendants tendered to Ford two "certified money orders" as payment in full on the two vehicles. In reliance upon the "certified money orders," Ford released its liens on the vehicles.

Ford also alleged that the "certified money orders" given it by the defendants were fraudulent instruments having no value. Ford further alleged that its security interests in the two vehicles remained in effect because the release of its liens was obtained by fraud. Ford further claimed that the defendants defaulted on the installment contracts. Ford prayed for possession of the two vehicles and joint and several judgments against the defendants.

Following the defendants' answers, Ford moved for summary judgment.

The tendered documents in question were made out to Ford for $20,500 and $25,200. The documents stated that the sums were to be paid *"On Demand, Money of Account of the United States, as required by law at Section 20 of Coinage Act of 1792 from the time of official determination of the substance of said money: OR, in U.C.C. 1-201(24) Credit Money."* (Emphasis supplied.) The documents stated they were "REDEEMABLE AT FULL FACE VALUE WHEN PRESENTED[;] To: O.M.B.[;] W. D. McCALL[;] P.O. BOX 500-284[;] VICTORIA, TEXAS POSTAL ZONE 77901."

Viewed in a light most favorable to the defendants, the record reflects the following undisputed facts: Upon receiving the documents, Ford applied the purported payments to the defendants' accounts and deposited the documents in a bank. The documents were returned by the bank as nonnegotiable because there were no bank routing numbers on the documents, and no bank was identified through which to charge. Without routing numbers a bank would have no obligation to accept or make payment on the documents.

Ford informed the defendants that the documents were not accepted and that the defendants would need to pay Ford in U.S. legal tender. However, no payments were forthcoming. As a result, the defendants defaulted on the account.

The trial court found that the tendered documents do not order the payment of *money* and contain stipulations not contemplated by Nebraska's Uniform Commercial Code or other applicable provisions of the law. The trial court further found that the documents were not negotiable instruments and that the defendants' obligations to Ford were never suspended or discharged. The trial court sustained Ford's motion for summary judgment and ordered the defendants to deliver the two vehicles to Ford or pay $35,810 to Ford, if return of the vehicles could not be had.

Thereafter, the defendants filed a motion for rehearing which the trial court construed as a motion for a new trial. The motion was overruled.

## ANALYSIS

There are no material factual disputes in the record. Whether the documents tendered by the defendants were negotiable instruments is governed by Nebraska's Uniform Commercial Code. An action under the Uniform Commercial Code is one at law. *FirsTier Bank v. Triplett*, 242 Neb. 614, 497 N.W.2d 339 (1993).

A negotiable instrument is an unconditional promise or order to pay a fixed amount of money. Neb. U.C.C. § 3–104(a) (Reissue 1992). The tendered documents are not within the definition of a negotiable instrument. The documents purport to provide the creditor an unspecified "Credit Money" when presented to a post office box. This cannot be construed as an unconditional promise or order to pay a fixed sum of money.

Because the defendants tendered documents of no monetary value, the trial court correctly found that Ford was entitled to summary judgment as a matter of law. As a result, we need not address the defendants' second and third assigned errors. As to the overruling of the motion for a rehearing, the defendants. did not address this assigned error in their brief. To be considered by an appellate court, an error must be assigned and discussed

in the brief of one claiming that prejudicial error has occurred. *Standard Fed. Sav. Bank v. State Farm*, 248 Neb. 552, 537 N.W.2d 333 (1995).

## CONCLUSION

Because there was no dispute as to a material issue of fact in this case, the trial court properly entered summary judgment in favor of Ford.

AFFIRMED.