TERRY LANGE, APPELLEE, V. CROUSE CARTAGE COMPANY, APPELLANT, AND LIBERTY MUTUAL INSURANCE COMPANY, APPELLEE.

572 N.W.2d 351

Filed January 9, 1998.    No. S-95-1392.

Jay L. Welch and Douglas E. Baker, of Welch, Wulff & Childers, for appellant.

Steven E. Guenzel, of Barlow, Johnson, Flodman, Sutter, Guenzel & Eske, for appellee Lange.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

McCORMACK, J.

Appellant, Crouse Cartage Company, was found liable for injuries sustained by appellee Terry Lange due to Crouse's negligence. Appellee Liberty Mutual Insurance Company has a subrogation interest via Lange's prior workers' compensation claim. The Nebraska Court of Appeals found that the issue of Crouse's negligence properly went to the jury. However, in its memorandum opinion filed June 16, 1997, the Court of Appeals then reversed the jury verdict which awarded Lange $53,000 and remanded the cause on the grounds that the trial court should have given Crouse's requested instruction on Lange's contributory negligence. We granted Lange's petition for further review in order to determine whether Crouse's request for a contributory negligence instruction could be inferred to be a request that the trial court reconsider its previous directed verdict on this issue. The granting of that directed verdict was not assigned as error. We reverse the Court of Appeals' holding that it was error for the trial court to fail to instruct the jury on the issue of Crouse's contributory negligence and the granting of a new trial on this matter.

## BACKGROUND

On December 10, 1990, James Prince, an employee of Crouse, was to deliver two steel fire doors that were 4 feet wide and 10 feet in length, each weighing approximately 225 pounds, to Vince Kess, Inc., where Lange was employed as a purchasing manager. The doors were loaded in the rear of the Crouse truck that Prince was driving, along with other goods Prince was to deliver that day. The doors were lying on their long edges and leaning upright against the passenger side of the truck. When Prince arrived at Kess, he informed someone at Kess that he had a delivery.

Prince and Lange disagreed regarding the events thereafter which led to Lange's injury. According to Lange, he got into the rear of the truck to help rearrange other goods in the back of the truck upon Prince's request. Lange and Prince then proceeded to slide the doors, one at a time, toward the rear of the truck. At the rear of the truck, there was a ¼-inch lip on the floor of the truck preventing Lange and Prince from sliding the doors out without lifting them up over the lip. After they slid the doors to the lip, Lange got out of the truck and prepared to receive a door after Prince got it over the lip and to then help Prince lay the door on the floor of the truck. Prince then used a two-wheel dolly to lift and twist the door over the lip. As Prince was lifting the door in this manner, "he lost control of the door and it went and fell down on [Lange's] wrist," but the door remained in the truck. Lange testified that he was not attempting to catch the door as it fell; rather, he was merely waiting to help guide the door once it was over the lip. Despite the fact that he was not trying to catch the door, it struck his wrist. Lange testified that prior to Lange's being taken to the hospital, Prince told Lange that the door had pushed Prince against the wall of the truck, causing the door to fall. As a result of the above incident, Lange's wrist was broken.

Prince does not remember requesting Lange's help or Lange's getting into the truck. However, he testified he did expect help from a Kess employee after the doors were positioned flat on the floor of the truck. Prince was unsure whether he even knew Lange was at the back of the truck until after the accident. Prince testified that he did not accidentally let go of

either door, but, rather, he lowered both doors together to a certain point and then let them both fall to the floor of the truck. Prince testified that this was his standard procedure to unload doors. Prince did not see the doors hit Lange's arm or see Lange try to catch the doors.

Lange's case in chief included, in addition to Lange's testimony, the testimony of two employees of Kess, who stated they had never seen doors such as those involved herein intentionally dropped. Lange's case in chief also included the testimony of James Rogers, a vocational rehabilitation counselor. In Rogers' opinion, Lange had suffered a 15- to 20-percent loss in earning capacity. It was brought out on cross-examination that Rogers understood Lange to have been earning $12 per hour at the time of the accident, when he was actually earning $9 per hour. Rogers explained that this did not change his opinion because Rogers' information was correct in that it was based upon Lange's *weekly* wage at the time of the accident, which included overtime. Based on his consideration of Lange's ability to earn wages, ability to perform various tasks, and access to the job market due to his impairments, Rogers testified that his opinion was unchanged.

After Lange rested, Crouse moved to strike Rogers' testimony, arguing it was based on insufficient foundation. The motion was overruled. Crouse also moved for a directed verdict, arguing that there was no evidence of Prince's negligence, that Lange's negligence was the sole proximate cause, and that Lange's recovery was barred due to his contributory negligence and assumption of the risk. This motion was also overruled.

After the presentation of Crouse's case, Lange moved for a directed verdict on Crouse's affirmative defenses. Lange argued that there was no direct evidence to support any of the allegations of contributory negligence, among which were Lange's failing to look out, putting his arm in the way of a door, trying to move a door that was too heavy, failing to warn Prince that he was there, and putting himself in a position where he was outside of Prince's range of vision. Lange further argued that Crouse's contributory negligence defense relied on the inference that Lange must have stuck his hand in the truck because it got hit by the door. Lange concluded that the defense is enti-

tled to such an inference only if it is the only reasonable inference that may be drawn from the evidence, which Lange felt it clearly was not. After making this motion, Lange testified in rebuttal. Following consideration of the matter, the district court sustained Lange's motion for a directed verdict as to Crouse's affirmative defenses.

During the jury instruction conference, the court indicated it would not give Crouse's tendered instruction on contributory negligence. Crouse renewed its motion for a directed verdict, and the motion was denied. The case was submitted to the jury, which returned a verdict of $53,000 in favor of Lange and against Crouse. Thereafter, Crouse filed a motion for judgment notwithstanding the verdict or, in the alternative, for new trial, which was overruled.

Crouse appealed to the Court of Appeals, alleging as error that the trial court improperly submitted the issue of Crouse's negligence to the jury, that the trial court improperly denied Crouse's request to instruct the jury as to Lange's contributory negligence, and that the trial court improperly allowed evidence from Lange's expert Rogers.

The Court of Appeals held that the issue of Crouse's negligence properly went to the jury; however, the majority of the Court of Appeals held that the trial court improperly denied Crouse's tendered jury instruction and reversed the verdict on those grounds without reaching Crouse's assigned error that Rogers' testimony should have been stricken because it was based on incorrect facts and proved confusing to the jury. Citing no authority, the Court of Appeals ruled that Crouse's request for a jury instruction amounted to a request that the trial court reconsider its ruling on Lange's motion for a directed verdict on Crouse's affirmative defenses. Important to note is the cursory dismissal of the absence of the requested jury instruction from the record by the Court of Appeals. The Court of Appeals' dissent points out that the trial judge had already granted Lange's motion for a directed verdict with respect to Crouse's affirmative defenses, and therefore, the denial of the jury instruction regarding contributory negligence would have been proper. The dissent further points out that the assignment of error was not properly framed around the question of the propriety of grant-

ing Lange's motion for a directed verdict, but instead was framed around the argument that Crouse's proposed jury instruction should have been given. Lange then filed a petition for further review, which we granted.

## ASSIGNMENTS OF ERROR

In Lange's petition for further review, he assigns as error (1) that the Court of Appeals failed to apply, and in fact ignored, the rule of law that circumstantial evidence will not support a verdict unless that verdict is the only one that can fairly and reasonably be drawn therefrom; and (2) that the majority of the Court of Appeals failed to apply the rule that errors not properly raised on appeal should not be allowed to form the basis of a reversal.

## STANDARD OF REVIEW

To be considered by an appellate court, an error must be assigned and discussed in the brief of one claiming that prejudicial error has occurred. *McArthur v. Papio-Missouri River NRD*, 250 Neb. 96, 547 N.W.2d 716 (1996); *Ford Motor Credit Co. v. All Ways, Inc.*, 249 Neb. 923, 546 N.W.2d 807 (1996); *Standard Fed. Sav. Bank v. State Farm*, 248 Neb. 552, 537 N.W.2d 333 (1995).

This court, upon granting further review which results in the reversal of a decision of the Court of Appeals, may consider, as it deems appropriate, some or all of the assignments of error the Court of Appeals did not reach. *State v. Neujahr*, 248 Neb. 965, 540 N.W.2d 566 (1995); *Coppi v. West Am. Ins. Co.*, 247 Neb. 1, 524 N.W.2d 804 (1994).

## ANALYSIS

The majority of the Court of Appeals stated in its opinion: "We view the request for the instruction as an implied, but nonetheless obvious request, that the court reconsider and reverse its earlier ruling, via Lange's motion for directed verdict on the affirmative defenses," that plaintiff was not guilty of contributory negligence. The Court of Appeals majority then concluded that on the facts recited, there seemed to be enough evidence to support the giving of a contributory negligence instruction. We disagree.

The record contains no tendered jury instruction regarding contributory negligence. The rules of appellate procedure articulated by this court are clear that the burden is on the appellant to direct the clerk to

> include in the transcript such additional parts of the record as he or she shall specify in the praecipe, including the instructions given by the trial court, if the appellant intends to assign error in the giving of any instruction, *and any tendered instruction refused, if the appellant intends to assign error to such refusal.*

(Emphasis supplied.) Neb. Ct. R. of Prac. 4(A)(2) (rev. 1996). See, also, *Stoco, Inc. v. Madison's, Inc.*, 235 Neb. 305, 454 N.W.2d 692 (1990) (affirming decision of trial court due to appellant's failure to include allegedly erroneous jury instructions in record on appeal); *Neece v. Severa*, 5 Neb. App. 556, 560 N.W.2d 868 (1997) (Court of Appeals refused to consider party's assigned error based upon jury instructions when instructions not made part of record). The dissent in the Court of Appeals' opinion points out that without the tendered instruction it is left to the appellate court to divine the propriety of the instruction from those fragments of the instruction which are found in conversations between the court and counsel.

The propriety of the trial court's granting of Lange's motion for directed verdict on the issue of contributory negligence was not assigned as error. The request for an instruction on the issue of contributory negligence after there has been a directed verdict on this issue does not constitute a request to the trial court to reconsider the initial granting of the motion for directed verdict.

This court has adopted specific rules for addressing alleged errors of the lower courts. These rules are designed not only to allow the parties to be apprised of the issues to be raised on appeal, but also to allow for clarity in the decisions of, and precedent set by, this court. To be considered by an appellate court, an error must be assigned and discussed in the brief of one claiming that prejudicial error has occurred. *Landmark Enterprises v. M.I. Harrisburg Assocs.*, 250 Neb. 882, 554 N.W.2d 119 (1996); *McArthur v. Papio-Missouri River NRD, supra*; *Ford Motor Credit Co. v. All Ways, Inc., supra*; *Standard Fed. Sav. Bank v. State Farm, supra.* We do not consider those

errors which are not assigned, and as such, the propriety of the trial court's granting of Lange's motion for a directed verdict is not before us.

## Rogers' Testimony

This court, upon granting further review which results in the reversal of a decision of the Court of Appeals, may consider, as it deems appropriate, some or all of the assignments of error the Court of Appeals did not reach. *State v. Neujahr, supra*; *Coppi v. West Am. Ins. Co., supra.* As we have reversed the decision of the majority of the Court of Appeals, before the verdict may be reinstated it becomes necessary to resolve Crouse's third assignment of error at the Court of Appeals level regarding Lange's expert testimony at trial. Crouse alleges that Rogers' testimony should have been stricken because it was shown on cross-examination that Rogers based his testimony on an erroneous assumption regarding Lange's hourly wage. An appellate court is not a superexpert and will not lay down categorically which factors and principles an expert may or may not consider. Such matters go to the weight and credibility of the opinion itself and not to its admissibility. *Holman v. Papio-Missouri River Nat. Resources Dist.*, 246 Neb. 787, 523 N.W.2d 510 (1994). We have previously held:

> "Expert testimony should not be received if it appears that the witness is not in possession of such facts as will enable the expert to express a reasonably accurate conclusion, and where the opinion is based on facts shown not to be true, the opinion lacks probative value. . . . *The opinion must have a sufficient factual basis so that the opinion is not mere conjecture or guess. . . .*"

(Emphasis supplied.) *Sheridan v. Catering Mgmt., Inc.*, 252 Neb. 825, 832, 566 N.W.2d 110, 114 (1997). On redirect, Rogers pointed out that his opinion was based upon Lange's *weekly income* and not his hourly wage. He further testified that his opinion as to Lange's lost earning capacity was unchanged by the fact that Lange's hourly wage was less than what he originally thought because he was considering Lange's weekly wages, which included overtime, as opposed to considering only the hourly rate. There clearly was a sufficient factual basis for Rogers' opinion. The admission of expert testimony is ordi-

narily within the discretion of the trial court, and its ruling will be upheld in the absence of an abuse of discretion. *Childers v. Phelps County*, 252 Neb. 945, 568 N.W.2d 463 (1997). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Greenwalt v. Wal-Mart Stores, ante* p. 32, 567 N.W.2d 560 (1997); *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997). The admission by the trial judge of the opinion testimony of Lange's expert was clearly not an abuse of discretion under the standard set out above.

## CONCLUSION

We disagree with the holding of the Court of Appeals that the request by Crouse for a contributory negligence instruction was, in effect, a request for the trial court to reconsider its directed verdict in favor of Lange on the issue of contributory negligence. Since the propriety of the granting of the directed verdict was not assigned as error, it was not before the Court of Appeals and is not before this court. It would be clear error for the trial court to instruct the jury as to an issue which it has already decided as a matter of law.

We find no abuse of discretion on the part of the trial court in allowing Lange's expert to testify as to Lange's lost earning power. Although Crouse pointed out that one of the figures relied upon by Rogers was inaccurate, Rogers maintained his opinion that Lange had a diminished earning capacity due to his injuries and that such opinion was based on Lange's *weekly*, not *hourly*, wages.

We, therefore, reverse the conclusion reached by the Court of Appeals that the district court should have submitted the issue of contributory negligence to the jury and the granting of a new trial on this matter.

REVERSED.